**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

|  |  |  |
|---|---|---|
| | ) | |
| GEICO Indemnity Company, | ) | **Case No.: 2:24-CV-03532-DCN** |
| | ) | |
| Plaintiff, | ) | **MEMORANDUM IN SUPPORT OF** |
| | ) | **DEFENDANT MERCIER'S** |
| | ) | **RULE 12(b) MOTION TO DISMISS OR, IN** |
| | ) | **THE ALTERNATIVE, TO STAY** |
| | ) | |
| vs. | ) | |
| | ) | |
| Zachary Mercier and Ethan Lomas, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### I. Introduction

This declaratory judgment action "is but another one of the cases in which a liability insurance company has sought to drag into the federal court the trial of non-removable local litigation." *Cf. Indemnity Ins. Co. of N. Am. V. Schriefer*, 142 F.2d 851, 854 (4th Cir. 1944).

This action arises out of a South Carolina car crash between two South Carolina citizens, who are already litigating these issues of South Carolina law in a South Carolina state court. The plaintiff in that action, eighteen-year-old Zachary Mercier, suffered catastrophic injuries that will leave him disabled for the rest of his life. Ethan Lomas's insurance carrier, GEICO Indemnity Company, had an opportunity to settle that claim within Lomas's policy limits, but failed to do so. Mercier served Lomas with a lawsuit and proceeded with litigation.

Now, more than six months into the state litigation, and nearly three months after Lomas alleged an affirmative defense of enforceable settlement in state court, GEICO seeks to invoke this Court's limited jurisdiction to litigate the same alleged enforceable settlement. In doing so, GEICO

1

mires this Court in a procedural morass: GEICO either fails to state any legally cognizable claim between GEICO and Zachary Mercier, or GEICO states a claim which necessarily involves Lomas's rights, requiring realignment of the parties and destroying diversity jurisdiction. Further, even if jurisdiction were proper, well-established legal principles would favor this Court abstaining pursuant to the *Brillhart/Wilton* doctrine. Whether for failure to state a claim under Rule 12(b)(6), Fed. R. Civ. P., for lack of subject matter jurisdiction under Rule 12(b)(1), Fed. R. Civ. P., or as a matter of discretion, this Court should dismiss GEICO's Complaint.

## II. Factual Allegations

**A.     Pre-suit Negotiations**

On July 1, 2023, Lomas and Mercier were involved in a motor vehicle crash in Summerville, South Carolina, resulting in injury to Mercier. (Complaint at ¶¶ 9–10, ECF # 1). Mercier hired counsel to pursue his personal injury claim against Lomas, and Mercier's counsel contacted GEICO, Lomas's insurer, on Mercier's behalf. (Complaint at ¶ 11, ECF # 1). Through his counsel, Mercier presented "GEICO with the opportunity to settle the claim against its insured"—namely, Lomas. (Complaint at ¶ 13, ECF # 1). After negotiations regarding the deadline by which GEICO would deliver a final settlement check, GEICO chose a deadline for delivery no later than 5 pm on October 3, 2023, "to complete settlement" of the "claims against [GEICO's] insured[]"—namely, Lomas. (Complaint at ¶¶ 19–22, 35–46, ECF # 1; *see also* September 28 Letter, attached as **Exhibit 1**).[1] Mercier's counsel did not receive the final settlement check until October 4, after GEICO's chosen deadline had passed. (Complaint at ¶¶ 55-57, ECF # 1).

---

[1] This Court may consider "official public records, documents central to [the] plaintiff's claim, and documents sufficiently referred to in the complaint so long as the authenticity of these documents is not disputed" without converting a Rule 12(b)(6) motion into one for summary judgment. *See Witthohn v. Federal Ins. Co.*, 164 Fed. Appx. 395, 396 (4th Cir. 2006). GEICO's

**B.     The State Court Litigation**

Mercier's counsel filed a lawsuit against Lomas in the Dorchester County Court of Common Pleas. (Complaint at ¶ 69, ECF # 1; *see also* State Court Complaint, attached as **Exhibit 2**).[2] When the final settlement check was not delivered until after GEICO's chosen deadline had passed, Mercier served Lomas and began litigating the state court action. (Complaint at ¶ 74, ECF # 1).

Lomas's initial answer, filed November 1, 2023, disputed his liability for Mercier's injuries but did not raise enforceable settlement as an affirmative defense. (*See* Initial Answer, attached as **Exhibit 3**). Lomas requested leave to file an amended answer raising enforceable settlement as an affirmative defense, Mercier's counsel consented, and the state court granted Lomas's request on March 21, 2024. (*See* Consent Order, attached as **Exhibit 4**). On March 25, 2024, Lomas filed an amended answer in the state court action asserting an affirmative defense of "Accord & Satisfaction / Enforceable Settlement." (*See* First Amended Answer, attached as **Exhibit 5**, at ¶¶ 29–40). On April 24, 2024, Lomas filed another amended answer in the state court action, still asserting an affirmative defense of "Accord & Satisfaction / Enforceable Settlement." (*See* Second

---

Complaint states that, on September 28, Mercier's counsel "agreed for GEICO to send a check for the estimated balance of the remaining property damage limit to be delivered via UPS on Tuesday, October 3, 2023, by 5pm." (Complaint at ¶¶ 38–39, ECF # 1). Likewise, considering documents filed in the state court litigation does not convert this to a summary judgment motion. *See Witthohn*, 164 Fed. Appx. at 397 (approving district court's judicial notice of state court filings). Further, in ruling on a motion to dismiss for lack of subject matter jurisdiction, the "pleadings' allegations" are "mere evidence on the issue" and the Court "may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

[2] Exhibits B through G may also be found on the Dorchester County public index, *Zachary Mercier v. Ethan Lomas*, 2023-CP-18-01552 (S.C.C.P. 2023).

Amended Answer, attached as **Exhibit 6**, at ¶¶ 29–41). In both his first and second amended answers, Lomas asserts that Lomas was acting "through GEICO"—that is, GEICO was Lomas's agent to negotiate a settlement on his behalf. (*See* First Amended Answer at ¶ 38; *see also* Second Amended Answer at ¶ 39).

On April 22, 2024, Mercier served Lomas with discovery requests related to the alleged enforceable settlement. (*See* Motion for Protective Order and Exhibits at 5, attached as **Exhibit 7**). The discovery requests included requests for admission seeking Lomas's position on specific facts related to Lomas's affirmative defense of enforceable settlement. (*See* Motion for Protective Order and Exhibits at 6–9). On May 15, 2024, Lomas's counsel requested thirty days to answer the discovery requests, making them due on June 24, 2024, and Mercier's counsel agreed. (*See* Motion for Protective Order and Exhibits at 3). After GEICO filed this action on June 14, 2024, Lomas's counsel filed a motion for a protective order in the state court litigation on June 21, 2024. (*See generally* Motion for Protective Order and Exhibits).

### III. Argument

A.     <u>**GEICO cannot state a legally cognizable claim for relief because Mercier had no independent cause of action against GEICO to settle, and thus no enforceable settlement agreement can exist only between GEICO and Mercier.**</u>

GEICO first asks this Court to declare that "an enforceable settlement agreement exists between GEICO and Mercier." (Complaint at ¶ 77, ECF # 1). But no such settlement agreement could exist between GEICO and Mercier—Mercier had no independent cause of action to settle against GEICO, because South Carolina law does not permit injured parties to sue a tortfeasor's insurance company where there is no privity of contract between the injured party and the insurer as relates to the policy at issue. *See, e.g.*, *Wertan v. Flynn*, No. 2:21-CV-273-RMG, 2021 WL

1723449, at *2 (D.S.C. Apr. 30, 2021) (collecting South Carolina cases dismissing injured parties' lawsuits against tortfeasor's insurance companies for lack of privity of contract).

GEICO has alleged no facts that show Mercier had any legal cause of action against GEICO under South Carolina law. GEICO has not alleged, for example, that it is vicariously liable for Lomas's negligence, or that Lomas assigned his liability for Mercier's injuries to GEICO. Instead, communications between Mercier and GEICO indicate the parties were contemplating settling Mercier's legal action against GEICO's insured—Ethan Lomas. (*See, e.g.*, Complaint at ¶¶ 13, 15, & 16, ECF # 1). GEICO does not allege facts that show Mercier and GEICO were in privity of contract as relates to the policy at issue. As a matter of law, Mercier and GEICO had no legal cause of action to settle except the one between Mercier and Lomas. To be sure, GEICO acted as Lomas's agent in the negotiations, but that agency relationship did not shift liability from Lomas to GEICO. Because any settlement agreement could only exist between Mercier and Lomas, this Court should dismiss GEICO's Complaint pursuant to Rule 12(b)(6), as GEICO fails to state a legally cognizable claim upon which relief may be granted against Mercier.

B.     **This Court lacks subject-matter jurisdiction because there is no justiciable claim for this Court to decide regarding bad faith.**

Article III of the United States Constitution circumscribes this Court's authority to "actual cases or controversies" between the parties. U.S. Const. art. III, § 2, cl.1. Article II "command[s]" that courts "resolve disputes," not "emit random advice." *Bryant v. Cheney*, 924 F.2d 525, 529 (4th Cir. 1991). This doctrine "prevent[s] the courts … from entangling themselves in abstract disagreements." *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580 (1985). The Declaratory Judgment Act does not alter this Article III requirement; instead, "the party seeking the declaratory judgment must 'show that there is a substantial controversy, between parties having

5

adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Centennial Life Ins. Co. v. Poston*, 88 F.3d 255, 256 (4th Cir. 1996).[3]

An issue is not ripe for review if it depends on "contingent future events that may not occur as anticipated, or indeed may not occur at all." *Trump v. New York*, 592 U.S. 125, 131 (2020) (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)). This Court has repeatedly dismissed insurer's attempts to litigate bad faith claims that were not ripe because no judgment had been rendered in the underlying case. *See, e.g.*, *Columbia Ins. Co. v. Reynolds*, 225 F. Supp. 3d 375, 381 (D.S.C. 2016) ("[I]f there is no excess verdict, CIC cannot bring an action seeking a declaration of its obligations in the event of a hypothetical future verdict."); *Permanent Gen. Assur. Corp. v. Moore*, 341 F. Supp. 2d 579, 581 (D.S.C. 2004) ("Permanent General's declaratory judgment suit is premature because a judgment has not been entered in the underlying cases that expose [the insured] to a verdict in excess of the insurance policy limits."); *Gregory A. Miller, M.D. v. MagMutual Ins. Co.*, No. 0:4-CV-01212-JDA, 2024 WL 3106214 (D.S.C. June 24, 2024) (finding a bad faith claim unripe even when an excess verdict had been entered but was still on appeal).

In *Moore*, for example, the insurance company first refused and then later attempted to settle a claim on behalf of its insured for the policy limits. 341 F.Supp.2d at 580. After the injured party filed suit against its insured, the insurance company filed a declaratory judgment action

---

[3] Indeed, the Court may also dismiss GEICO's declaratory judgment action regarding an enforceable settlement agreement for lack of subject-matter jurisdiction because "a suit between an insurance company and a signatory to a release agreement does not present a justiciable controversy when the real dispute is between the signatory and the insurance company's insured." *Hill v. Liberty Mut. Ins. Co.*, 453 F.Supp. 1342, 1346 (E.D. Va. 1978). The court in *Hill* noted the insurance company's "interest did not give the insurance company the right to take charge of the controversy as its own and carry it into federal court because of (its) citizenship being diverse." *Id.* at 1345–46 (quotations omitted).

seeking a finding that it had not conducted itself in bad faith. *Id.* This Court rejected the insurance company's claim as unripe because the insured was contesting liability, and a verdict could still be returned within the policy limits. *Id.* at 582; *see also Am. Builders Ins. Co. v. Sea Castle Custom Homes, LLC*, No. 9:23-CV-01277-DCN, 2024 WL 53679, at * 7 (D.S.C. Jan 4, 2024) ("In other words, the *Mowinckles* decision makes clear that '[a]n important factor in considering ripeness is whether resolution of the tendered issue is based upon events or determinations which may not occur as anticipated,' such as a liability determination in a pending underlying action.").

Here, GEICO's request for a declaratory judgment regarding "bad faith" is no riper than the insurance companies claims in *Moore* or *Reynolds*. As in *Moore* and *Reynolds*, Lomas disputes his liability for the crash, not only denying liability but asserting affirmative defenses. (*See generally* Initial Answer, First Amended Answer, & Second Amended Answer, at ¶¶ 5–13, 25, 26, & 27); *cf. Reynolds*, 228 F. Supp. 3d at 377 & n.1 (noting the insured had "reserved the defense of comparative negligence" and denied 100% liability in the underlying action). "[A] jury could find for [Lomas]" in the state court litigation. *Cf. Moore*, 341 F. Supp. 2d at 582. Thus, the issue of bad faith relies "upon events or determinations which may not occur as anticipated"—namely, "a liability determination in a pending underlying action"—and is not ripe. *Cf. Am. Builders Ins. Co.*, 2024 WL 53679, at *7. This Court should dismiss GEICO's declaratory judgment action regarding bad faith for lack of subject-matter jurisdiction.

**C.** **This Court lacks subject matter jurisdiction because there is no diversity of citizenship—the principal purpose of this suit is to assert Lomas's legal rights, and Lomas shares interests with GEICO, which requires realigning Lomas as a plaintiff.**

GEICO's allegation of an enforceable settlement agreement necessarily asserts Lomas's legal rights. The Declaratory Judgment Act does not "add[] to the jurisdiction of the court, but is

a procedural statute which provides an additional remedy for use in those cases and controversies of which the federal courts already have jurisdiction." *Aetna Casualty & Surety Co. v. Quarles*, 92 F.2d 321, 323 (4th Cir. 1937). Thus, this Court must have independent jurisdiction over this claim. Because this claim raises only questions of South Carolina law, GEICO invokes this Court's diversity jurisdiction on the grounds that GEICO is incorporated in Nebraska while Mercier and Lomas are South Carolina citizens. (*See* Complaint at ¶¶ 1–5, ECF # 1). But GEICO's assignment of "plaintiff" and "defendant" neither creates nor destroys this Court's diversity jurisdiction. *See Caliber Home Loans, Inc. v. Wells Fargo Bank, N.A.*, No. CV 3:14-4248-MBS, 2015 WL 12819202, at *2 (D.S.C. May 7, 2015). Instead, this Court must "look beyond the pleadings and arrange the parties according to their sides in the dispute." *U.S. Fid. & Guar. Co. v. A & S Mfg. Co.*, 18 F.3d 131, 133 (4th Cir. 1995). This "principal purpose" test requires this Court first to "determine the primary issue in the controversy" and then to "align the parties according to their positions with respect to the primary issue." *Id.* "If the alignment differs from that in the complaint, this Court must determine whether complete diversity continues to exist." *Id.*

Here, the primary issue in the controversy is whether an enforceable settlement agreement exists between Mercier and Lomas. GEICO raises no questions regarding its duty to defend or indemnify Lomas. GEICO's "principal purpose for filing its suit", *see Caliber Homes*, 2015 WL 12819202, at *2, is to achieve peace between the parties by enforcing an alleged settlement agreement, (*see, e.g.*, Complaint at ¶ 74, ECF # 1 (noting that GEICO continues to "expend[] money for both attorneys' fees and costs" in the state court litigation)). Even in GEICO's unripe bad faith claim, GEICO alleges Mercier's position to be that there is "*no settlement agreement with GEICO because of GEICO's bad faith.*" (*See* Complaint at ¶ 83, ECF # 1). If a court enforced the alleged settlement agreement that would, as a practical matter, resolve both the state court

8

litigation and the bad faith question—Mercier would have no further source of recovery, Lomas would have peace, and GEICO would never be subject to the inchoate bad faith claim. (*See* Complaint at ¶ 88, ECF # 1 (noting that "the only potential source of recovery for Mercier" is the hypothetical future bad faith claim)).

As further evidence that Lomas's rights are the primary issue, Lomas must be in privity with GEICO for this action to have the binding effect GEICO seeks on the state litigation. Under South Carolina law, the doctrine of *res judicata* only bars a litigant from raising an identical issue against identical parties, which was adjudicated in a former suit. *See Plum Creek Development Co., Inc. v. City of Conway*, 512 S.E.2d 106, 109 (S.C. 1999) (listing elements of *res judicata*). If this Court found an enforceable settlement existed only between GEICO and Mercier, absent a finding that GEICO and Lomas are in privity on this issue, nothing would preclude Mercier from continuing his state court litigation against Lomas, nor Lomas from raising his enforceable settlement defense against Mercier, because the parties and the issue would both be different. The primary purpose of this action must therefore be to determine whether an enforceable settlement exists between Mercier and *Lomas*, not GEICO standing alone.

Lomas and GEICO have identical interests in enforcing the alleged settlement, aligning them as plaintiffs. Both Lomas and GEICO have raised the issue of enforceable settlement—Lomas, in the state court litigation, and GEICO in this federal action. Both Lomas and GEICO would resolve their potential liabilities for Mercier's injuries by enforcing the alleged settlement—Lomas by limiting his personal liability and GEICO by resolving the inchoate bad faith claim. Thus, both GEICO and Lomas want to prove an enforceable settlement exists precluding Mercier from further litigation. Likewise, both GEICO and Lomas want to prove GEICO acted reasonably since the "allegations of bad faith against GEICO are unnecessarily preventing … both Mercier

and *Lomas* from obtaining a resolution in the underlying actions between them." (Complaint at ¶ 89, ECF # 1).

On the other hand, taking GEICO's allegations in the Complaint as true, Mercier's interests lie opposed to both GEICO and Lomas. As alleged by GEICO, a finding of either an enforceable settlement or a lack of bad faith will limit Mercier's ability to recover for the significant injuries he suffered. Mercier, not Lomas, stands to gain from any finding contrary to GEICO's allegations. Thus, despite GEICO's attempt to position all South Carolina citizens as defendants, the principal purpose test requires realignment of the parties. Lomas and GEICO are properly aligned as plaintiffs, while Mercier remains a defendant. As complete diversity would no longer exist, diversity jurisdiction does not exist. Thus, this Court should dismiss GEICO's claim for lack of subject-matter jurisdiction.

**D.**      **Even if this Court has subject-matter jurisdiction, this Court should abstain pursuant to the *Brillhart/Wilton* doctrine.**

Finally, even if diversity jurisdiction exists, well-established abstention principles support an exercise of discretion to dismiss this action. Under the *Brillhart/Wilton* doctrine, "district courts possess discretion in determining whether and when to entertain an action under the declaratory judgment act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995) (citing *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942)). When "another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court" then a federal declaratory action may well more be "gratuitous interference." *Id.* (cleaned up). To avoid such gratuitous interference, the Fourth Circuit requires district courts to consider "federalism, efficiency, and comity" principles as embodied by four factors:

> (i) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts; (ii) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending; (iii) whether permitting the federal action to go forward would result in unnecessary "entanglement" between the federal and state court systems, because of the presence of "overlapping issues of fact or law," … [and (iv)] whether the declaratory judgment action is being used merely as a device for "procedural fencing"—that is, "to provide another forum in a race for *res judicata*" or "to achiev[e] a federal hearing in a case otherwise not removable.

*Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 377 (4th Cir. 1994) (citations omitted) (second alteration in original), *overruled regarding* de novo *standard of review by Wilton*, 515 U.S. at 282.

Here, the *Nautilus* factors support abstention. First, the state law issues raised here are unsettled, as evidenced by recent unpublished South Carolina Court of Appeals opinions regarding enforceable settlement agreements. *See, e.g.*, *O'Conner v. Collier*, No. 2019-000856, 2023 WL 3614276 (S.C. Ct. App. May 24, 2023) (unpublished) (addressing enforceable settlement). South Carolina's interest in defining the boundaries of its own jurisprudence regarding enforceable settlements is evidence this case "should proceed in the pending state court action, especially where, as here, there exists no federal interest whatsoever in" resolving those issues. *See Allstate Ins. Co. v. Best*, 728 F. Supp. 1263, 1269 (D.S.C. 1990); *see also Reynolds*, 225 F.Supp.3d at 383 (noting that "there is no federal interest in the regulation of automobile insurance" (citations omitted)).

Second, the question of enforceable settlement can be more efficiently resolved in the state court action, where the proper parties can continue to engage in discovery on the issue there, rather than restarting that process here. Lomas has already amended his state court Answer twice to refine his defense, and both parties have engaged in discovery on the issue. Likewise, as regards the unripe bad faith claim, "it is more efficient for the state court to decide whether Mr. [Lomas's]

liability exceeds policy limits before this Court decides whether Mr. [Lomas] has a claim against [GEICO] for his liability in excess of policy limits." *Reynolds*, 225 F.Supp.3d at 383.

Third, GEICO has already created unnecessary entanglement between the state court and this Court. Entanglement means issues of fact in this action "are already being litigated by the same parties" in the state court action. *Nautilus*, 15 F.3d at 379. Because Lomas has already raised the enforceable settlement defense in the state litigation, the parties have been actively litigating those issues of fact for three months. Discovery relevant to this action will likely contain work-product and attorney-client privileged materials as related to the state court action. *See, e.g.*, *Reynolds*, 225 F.Supp.3d at 383–84 (finding unnecessary entanglement where insurer seeking declaratory judgment resisted production of its claims file as against its insured's interest in the parallel state action). Indeed, Lomas's counsel in the state action has already used this action as an excuse to resist otherwise relevant discovery. (*See* Motion for Protective Order and Exhibits).

Fourth, both the timing of this action and the content of Lomas's state court filings—by counsel retained by GEICO—suggests GEICO is engaged in "procedural fencing." *Cf. Reynolds*, 225 F.Supp.3d at 384. This action was filed more than eight months after GEICO knew Mercier was not going to accept the late check, (*see* Complaint at ¶ 64, ECF # 1), more than seven months after Lomas answered Mercier's state court action, (*see generally* Initial Answer), and more than two months after Lomas first raised the enforceable settlement action, (*see generally* First Amended Answer). Further, GEICO filed this action only after Mercier served requests for admission in the state court action, (*see* Motion for Protective Order and Exhibits at 4 (email serving discovery on April 22, 2024)), and after counsel whom GEICO retained to represent Lomas in the state court action requested an extension until June 24, 2024, after this action was to be filed, (*see* Motion for Protective Order and Exhibits at 3 (email from Lomas's counsel

12

requesting an extension)). Then, once this action was filed, Lomas's counsel filed a motion for a protective order in the state court action citing this action as cause for protection from discovery. (*See* Motion for Protective Order and Exhibits at 1–2). In other words, GEICO "filed this action while the counsel it retained to represent its insured was engaged in state court [discovery] with [Mercier]. Perhaps unhappy with the course of that [discovery], GEICO filed this declaratory action," and attempted to stay the state case "while the parties litigated the matter in federal court. This is a prime example of 'procedural fencing.'" *Reynolds*, 225 F.Supp.3d at 384. GEICO is trying to provide "another forum in a race for *res judicata*" and to "achiev[e] a federal hearing in a case otherwise not removeable." *Cf. Nautilus*, 15 F.3d at 377.

## IV. Conclusion

For the reasons set forth above, this Court should dismiss this action either pursuant to Rule 12(b)(6) for failure to state a claim, pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction, or pursuant to the *Brillhart/Wilton* doctrine. No enforceable settlement agreement can exist between GEICO and Mercier, and thus GEICO fails to state a claim. There is no justiciable claim regarding bad faith, because no judgment has been rendered in the underlying case. Because any enforceable settlement agreement exists between Mercier and Lomas, Lomas is properly aligned as a plaintiff in this action, and complete diversity does not exist between the parties. Finally, this case involves issues of South Carolina law, already being litigated in South Carolina court, between South Carolina parties. South Carolina's interests, judicial efficiency, and prudence to avoid unnecessary entanglement all support a discretionary dismissal—as does GEICO's attempt at procedural fencing, "in which a liability insurance company has sought to drag into the federal court the trial of non-removable local litigation." *Cf. Schriefer*, 142 F.2d at 854. Mercier respectfully requests this Court dismiss GEICO's Complaint.

**MORGAN & MORGAN, P.A.**
By:＿＿/s/Jonathan Graham＿＿＿＿＿
Jonathan D. Graham
Federal Bar No. 13969
E-Mail: jgraham@forthepeople.com
Telephone: (843) 947-6063

James G. Biggart, II
Federal Bar No. 14195
E-Mail: jbiggart@forthepeople.com
Telephone: (843) 973-5186

Michael Cooper Klaasmeyer
Federal Bar No. 14272
E-Mail: cooper.klaasmeyer@forthepeople.com
Telephone: (843) 973-5438

4401 Belle Oaks Drive, Suite 300,
North Charleston, SC 29405

Charleston, SC

July 11, 2024.                    *Counsel for Defendant Zachary Mercier*

14